IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  vs.<br><br>EASEMENTS ON 3.2983 ACRES OF LAND, MORE OR LESS, SITUATED IN THE CITY OF SAN DIEGO, SAN DIEGO COUNTY, STATE OF CALIFORNIA, CITY OF SAN DIEGO, GEORGE J. MALLOY, MARIA MALLOY, AIDA GONZALES, SAN DIEGO GAS & ELECTRIC CO., CENTRE CITY DEVELOPMENT CORPORATION, NRG THERMAL, LLC, COX COMMUNICATIONS, INC., VERIZON CALIFORNIA, INC., REDEVELOPMENT AGENCY OF THE CITY OF SAN DIEGO, HEIRS or DEVISEES OF FRANK M. PIXLEY, HEIRS or DEVISEES OF N. STEINMETZ, HEIRS or DEVISEES OF JOHN N. KERR, SAN DIEGO MARINA I, HEIRS or DEVISEES OF THOMAS LARSON, HEIRS or DEVISEES OF MICHAEL KEEFE,<br>                Defendants. | 3:09-CV-02323-JKS<br><br>ORDER |

At Docket No. 40 this Court entered judgment against the United States of America in favor of Defendant, City of San Diego, in the amount of $1,024,883.00.  This Court then ordered the United States to submit a brief containing its estimate of the amount of just compensation

due to the remaining Defendants in the case.[1] The remaining Defendants were then given an opportunity to oppose or contest the amount suggested by the United States. The United States' determination of just compensation having not been opposed and the Defendants having been given a full and fair opportunity to contest the substance of the motion and submit evidence as to the value of the land in question,[2] this Court makes the following findings:

The Redevelopment Agency of the City of San Diego, the San Diego Gas & Electric Co., and the Centre City Development Corporation have all disclaimed compensable interest in the named property. The Redevelopment Agency of the City of San Diego, and the Centre City Development Corporation have been dismissed as defendants pursuant to joint motions.[3] The San Diego Gas & Electric Co. remains as a defendant, having not been dismissed from the case.

The United States took the contested property subject to several easements. According to the United States, the easements owned by defendants Verizon California, Inc., and Cox Communications, Inc., are not located in areas of excavation and are below the area where

---

[1] Docket No. 41.

[2] It has long been settled that due process does not require the condemnation of land to be in advance of its occupation by the condemning authority, provided only that the owner have opportunity, in the course of the condemnation proceedings, to be heard and to offer evidence as to the value of the land taken. *Bragg v. Weaver*, 251 U.S. 57, 62 (1919), and cases cited; *Joslin Mfg. Co. v. City of Providence*, 262 U.S. 668, 677 (1923); *State of Georgia v. City of Chattanooga*, 264 U.S. 472, 483 (1924). *See*, *e.g.*, *Bailey v. Anderson*, 326 U.S. 203 (1945). "[D]ue process require[s] no more than that the owner be given an opportunity to be heard at some stage of the proceedings upon reasonable notice of the pending suit." *City of Oakland v. United States*, 124 F.2d 959, 964 (9th Cir. 1942). No particular form or mode of action is required. All that is essential is that in some appropriate way, before some properly constituted tribunal, inquiry shall be made, on notice, as to the amount of compensation to be paid for the property taken. *United States v. Honolulu Plantation Co.*, 122 F. 581, 585 (9th Cir. 1903) (citing *Backus v. Fort St. Union Depot Co.*, 169 U.S. 557, 569 (1898)).

[3] At Docket No. 30 this Court dismissed Defendant Centre City Development Corporation. In an order, to precede this Order, this Court has also dismissed Defendant Redevelopment Agency of the City of San Diego. Because these Defendants have been dismissed from this action, this Court will not enter judgment against them.

surface improvements will occur. A chilled waterline below Union Street which is owned and operated by NRG Thermal, LLC, has been relocated beyond the areas of excavation pursuant to an agreement with the General Services Administration ("GSA"). Furthermore, none of these three parties have entered an appearance or contested any filing by the United States. Therefore, this Court will find that they are unaffected by the taking and not entitled to compensation.

Defendant San Diego Marina I was served with the summons and complaint on October 30, 2009, and has not entered an appearance or contested any filing by the United States. Defendants George J. Malloy, Maria Malloy, Aida Gonzales, the Heirs or Devisees of Frank M. Pixley, the Heirs or Devisees of N. Steinmetz, the Heirs or Devisees of John N. Kerr, the Heirs or Devisees of Thomas Larson, and the Heirs or Devisees of Michael Keefe have all been served by publication, the last date of publication being November 20, 2009. None have entered an appearance or contested any filing by the United States. The United States has informed this Court that the names of these defendants were discovered during a title search, but that none of them appear to have a valid, legal interest in the property and are not entitled to compensation. Therefore, this Court will find that they are not entitled to compensation.

**IT IS HEREBY ORDERED THAT** the Clerk of the Court shall enter a final judgment in favor of the United States against Defendants: San Diego Gas & Electric Co.; Verizon California, Inc.; Cox Communications, Inc.; NRG Thermal, LLC; San Diego Marina I; George J. Malloy; Maria Malloy; Aida Gonzales; the Heirs or Devisees of Frank M. Pixley; the Heirs or Devisees of N. Steinmetz; the Heirs or Devisees of John N. Kerr; the Heirs or Devisees of Thomas Larson, and; the Heirs or Devisees of Michael Keefe, in the amount of $0.00.

**IT IS FURTHER ORDERED THAT** the United States shall hereby by permitted to withdraw the $1.00 which remains deposited with the Clerk of the Court.[4]

**FURTHERMORE**, the Clerk will enter a judgment that title to the subject land vested in the United States of America on October 20, 2009, upon the filing of the Declaration of Taking and the deposit in the Registry of the Court of the original estimated just compensation in the amount of $1,024,884.00.

Dated: January 20, 2011

                                              /s/ James K. Singleton, Jr.
                                             **JAMES K. SINGLETON, JR.**
                                             United States District Judge

---

[4] On October 20, 2009, the United States deposited estimated compensation in the amount of $ 1,024,884.00 with the Clerk of the Court. Docket No. 5. On November 4, 2010, this Court entered a judgment in favor of the City of San Diego in the amount of $1,024,883.00. Docket No. 40. The difference of $1.00 remains deposited with the Clerk of Court. Since none of the remaining Defendants are entitled to any compensation, the United States may withdraw the remaining dollar.